## *f* The Episcopal Academy *against* Frieze.

Judgments against a defendant, who holds land by articles of agreement, are a lien upon his equitable title; and upon a deed made subsequently, subject to the payment of the purchase money, the grantor will be entitled to receive the purchase money due, out of the proceeds of the sale of the land by the sheriff, in preference to such judgment creditors.

APPEAL from the common pleas of *Tioga* county.

In 1824 the trustees of the Academy of the Protestant Episcopal Church of the city of Philadelphia entered into an agreement with Henry Erdly to sell and convey him a tract of land, upon which the purchaser paid 8 dollars.   Erdly sold to James Frieze in 1826, and took and entered a judgment for the purchase money, 129 dollars 36 cents.   On the 24th of June 1827 the trustees of the Academy executed a deed for the land to James Frieze, subject to the payment of the balance of the purchase money.   On the same day James Frieze executed a bond and mortgage on the land to secure the purchase money, which was also recited in the deed.   This deed, bond and mortgage were not delivered by the respective parties until the 5th of November 1829.   The deed was not recorded at all; the mortgage was not recorded until the 23d of February 1830.   Judgments were obtained and entered in May and August 1829, by different persons, against James Frieze.   The trustees of the Academy obtained a judgment on their mortgage, and levied and sold the land. The money being in court for appropriation, the question was made, whether the judgment creditors or the trustees of the Academy were entitled to it.   The court below was of opinion that the judgment creditors were entitled to it, and decreed accordingly.   The trustees appealed.

*Williston,* for appellants, whom the court declined to hear.

*Parsons,* contra, cited, 8 *Serg. & Rawle* 440; 2 *Penns. Rep.* 111; Act of 28th March 1820, *Purd. Dig.* 204; 17 *Serg. & Rawle* 70; 7 *Serg. & Rawle* 64.

Per Curiam.—Before the legal title was added to the equity, by the conveyance of the trustees, the purchaser had an interest but to the value of his payments; and no more was bound by the judg-

ments against him.   By the conveyance, however, the security of these judgments was enlarged to the extent of the whole estate, except as against the trustees, whose conveyance was subject to the purchase money, as an incumbrance on the title, which had been conveyed but on condition; and though a formal mortgage was taken in addition, that seems to have been done with a view to provide the means of a compulsory sale; for on no other ground can we account for the apparent remissness in not having it recorded, so as to preserve its lien.   The lien of the conveyance, however, was never suspended or interrupted; and the trustees are consequently entitled to be paid first; the residue being applied to the other liens in the order of their priority, according to date.

Decree accordingly.