## Assigned Estate of Fair Hope North Savage Fire Brick Company, Limited. S. D. Livengood's Appeal.

*Partnership—Land—judgments—Lien.*

Land held by a partnership is considered as realty so far as firm judgments are concerned, and such judgments are liens upon it; but as to the separate interests of partners it is considered as personalty, and judgments against the partners individually are not·liens upon it, or upon those interests; and the face of the title must govern as to whether land held by members of a partnership shall be regarded as firm property or not.

A judgment binds every interest or estate which a defendant has in land, including a mere inceptive title, and the lien on the equity grasps the legal title into which the equitable becomes perfected by a subsequent conveyance.

*Limited partnership association—Acts of June 2, 1874, and June 25, 1885.*

Section 1 of the Act of June 25, 1885, P. L. 182, amending section 4 of the Act of June 2, 1874, P. L. 271, providing that the "interest in such partnership associations shall be personal estate," was intended only for the control of the interest of partners as between themselves, and was not meant to exempt the real estate of the association from the effect of a lien on the ordinary incumbrance held by an outside person.

B. and two associates agreed in writing to purchase from W. a tract of land upon which they proposed to erect certain works. Subsequently B. and his associates formed a limited partnership association under the act of June 2, 1874. After the formation of the partnership B. borrowed from W. a sum of money which was used in building the works. He personally gave his judgment note for the loan, with warrant of attorney to enter judgment against his two fifths interest in the works in question. Subsequently W. executed a deed to the partnership association for the land, subject to the condition that the association should acknowledge that the judgment given by B. existed against the land. *Held,* (1) that the condition in the deed established an express lien, even if one did not exist before; (2) that the association took the land subject to the payment of the judgment note.

Argued Oct. 12, 1897. Appeal, No. 2, Oct. T., 1897, by S. D. Livengood, from order of C. P. Somerset Co., May T., 1892, No. 23, confirming auditor's report. Before STER-

RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Exceptions to report of John O. Kimmel, Esq., auditor.

The facts appear by the opinion of the court below, by LONGE-NECKER, J., quoted in full in the preceding case.

*Error assigned* was confirming auditor's report.

*Francis J. Kooser* and *Wm. H. Ruppel*, with them *Ernest O. Kooser* and *Alex. H. Croffroth*, for appellant.—If this was a lien it was created by a method and in words heretofore unknown to the law or the practice. If, practically, associations can create and carry liens in this way, there is no adequate protection for their general creditors.

It cannot be claimed that the clause in the deed of conveyance to the North Savage Fire Brick Company, Limited, created an equitable lien. The judgment specified in the deed was not for purchase money, nor for the performance of any condition collateral to a sale of the land. It employed no apt words for the creation of a lien, nor did it make even a clear declaration of an intention to create a lien. And besides, equitable liens are not favored by the laws of Pennsylvania: Hiester v. Green, 48 Pa. 96; Rohn v. Odenwelder, 162 Pa. 352; Heist v. Baker, 49 Pa. 9.

*W. H. Koontz*, for appellee.—In Pennsylvania, a judgment is a lien on every kind of equitable interest in land, vested in the debtor, at the time of its entry: Carkhuff v. Anderson, 3 Binn. 4; Pugh v. Good, 3 W. & S. 56; Lynch v. Dearth, 2 P. & W. 101; Williams v. Downing, 18 Pa. 60; Richter v. Selin, 8 S. & R. 425; Catlin v. Robinson, 2 W. & S. 373; Baird v. Lent, 8 W. & S. 422; Stephens's App., 8 W. & S. 186; Russell's App., 15 Pa. 319; Roth & McCrone v. Humrich & Maglaughlin, 76 Pa. 128; Lloyd's App., 82 Pa. 485.

The case of Richter v. Selin, 8 S. & R. 425, followed by Lynch v. Dearth, 2 Penrose & Watts, 101; Episcopal Academy v. Frieze, 2 Watts, 16; Foster's Appeal, 3 Pa. 80; Lyon v. Mc-Guffey, 4 Pa. 128; Cake's App., 23 Pa. 186; Waters's App.,

35 Pa. 524; Appeal of Borough of Easton, 47 Pa. 265; Zeigler's App., 69 Pa. 473; Snyder's App., 91 Pa. 479; Holmes' App., 108 Pa. 27, establishes the rule, that a judgment against the equitable estate, which a vendee holds under articles of agreement for the sale and purchase of land attaches to and binds the legal estate the instant that it vests in the vendee.

In further support of this view, the case of Episcopal Academy v. Frieze, 2 Watts, 16, is referred to, in which it was held by this court, that "a judgment against a vendee by articles is only a lien to the extent of his interest, and if a deed be subsequently made, subject to the payment of the purchase money, the grantor will be entitled to the proceeds of a sheriff's sale of the land:" Roth v. Humrich, 76 Pa. 128.

PER CURIAM, October 25, 1897:

This case was argued with No. 4 of this term, same assigned estate, in which the decree of the court below has just been affirmed, ante, p. 96. We think the questions presented in this appeal have also been sufficiently considered and correctly decided by the learned president of the common pleas, and on his opinion the decree is affirmed and appeal dismissed at appellant's costs.