In re PRITCHARD.

(District Court, M. D. Pennsylvania. January 8, 1912.)

No. 1,332.

MORTGAGES (§ 151*)—PRIORITIES.

A bankrupt having contracted to purchase certain lots, obtained money from a bank with which to improve them, and on February 14, 1905, the bank obtained a judgment note from him for the amount of the advancement on which judgment was entered March 17, 1905. On March 29th, the vendor conveyed one of the lots in fee to the bankrupt

who, on April 4th following, mortgaged the same to a building association. *Held*, that the lien covered whatever interest the bankrupt had secured in the lot by virtue of his agreement, embracing the money paid and improvements made, and following the equity attached to the legal title the moment it merged, and hence the mortgage not being for purchase money, the judgment was the prior lien.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 151.*]

In the matter of bankruptcy proceedings by Paul R. Pritchard. On certificate to review an order of the referee sustaining the priority of a judgment lien on the proceeds of certain real property. Affirmed.

Paul E. Maynard, for exceptions.

R. A. Mercur, opposed.

WITMER, District Judge. This is a controversy between two creditors of the bankrupt, the Farmers' National Bank of Athens and the Sayre Building & Loan Association, on distribution of the proceeds ($800) of a certain lot (41) sold by the bankrupt's trustee. The bankrupt contracted by agreement in writing, dated September 8, 1904, to purchase from one Harry E. Crandall two lots, including No. 41, and pay for both the sum of $400, in manner as follows:

"One hundred ($100.00) dollars down, one hundred and fifty ($150.00) dollars on the first day of January 1905, by which time party of the second part agrees to have built and completed a house on lot No. 41; one hundred and fifty ($150.00) dollars on the first day of August 1905, by which time party of the second part agrees to have built and completed said house on lot No. 98."

The down money was paid as stipulated, and on May 1, 1905, the further sum of $161 was paid on account of such contract. The contract appears to have been filed September 7, 1905, in the county courts, but not at any time recorded as provided to afford public notice. In the meantime the Farmers' National Bank having advanced divers sums of money to the bankrupt to improve said lot and others, on February 14, 1905, obtained from him a judgment note for the sum advanced, to wit, $850, payable to O. L. Harvey, cashier, which was on March 17, 1905, entered of record in the court of common pleas of the county, to No. 246 May term, 1905. On March 29, 1905, the vendor, Crandall, conveyed said lot by deed in fee simple to the bankrupt, who in turn mortgaged the same, by instrument dated April 4, 1905, to the Sayre Building & Loan Association to secure the payment of $800. The mortgage was recorded two days following. The question being whether the proceeds for distribution shall be awarded to O. L. Harvey, cashier of the Farmers' National Bank, by virtue of the judgment obtained March 17, 1905, or to the loan association on account of its mortgage obtained April 4, 1905, after the legal title vested in the bankrupt.

The lien of the judgment beyond doubt covered whatever interest the bankrupt had secured in said lot by virtue of his agreement, embracing the money paid and improvements made, and, following the equity, attached to the legal title the moment it merged, on consummation of the agreement resulting in a conveyance by deed in fee.

Richter v. Selin, 8 Serg. & R. (Pa.) 425; Lynch v. Dearth, 2 Pen. & W. (Pa.) 101; Foster's Appeal, 3 Pa. 79; Russell's Appeal, 15 Pa. 322; Fair Hope, etc., Brick Co.'s Assigned Estate, 183 Pa. 103, 38 Atl. 1102, and cases cited.

It might be different had the deed and mortgage been executed at one and the same time so that it could be regarded as one transaction, from which it might be inferred what was made to appear in Campbell & Pharo's Appeal, 36 Pa. 257, 78 Am. Dec. 375, that "the whole transaction shows that there was no intention whatever to permit the vendee to acquire the legal estate for an instant discharged of the purchase money," and it was there said, "the acts of the parties show that they carried out their intention." There is no evidence here warranting the conclusion that the mortgage should be regarded as a purchase-money mortgage, as argued by counsel, and it is very doubtful that any of its proceeds went in payment of the purchase price of the lot. The indorsement on the contract, "Received of Paul R. Pritchard one hundred and sixty-one dollars on the contract, May 1, 1905," signed by the vendor, after delivery of deed and mortgage favors this view of the transaction. Then again we would hesitate to say that, even if the parties to the deed and the mortgage had attempted to create a lien of preference, they would have succeeded in so doing, having knowledge of the agreement and the judgment lien upon the interest thereby secured before the legal title vested. Pritchard and Crandall were parties to such and the mortgagor was bound by notice, constructive if not actual. The testimony is not disputed, and the referee so found that the bankrupt was in the visible and actual possession of the lot and engaged in the construction of a house thereon, as provided in his contract, on and before the execution and delivery of the deed and mortgage. This was sufficient to put the mortgagor on inquiry, and having been willing to take chances, he cannot now be heard to complain.

Nor do we consider the lien of the original judgment No. 246 May term, 1905, extinguished on account of the note given October 14, 1908, by Paul R., Asa T., and May Pritchard for the payment of $800 to the Farmers' National Bank, whether regarded as collateral security, renewal, or otherwise. While the basic consideration of the new note was the old debt secured by the judgment its lien was not affected whatever.

The findings, conclusions, and order of the referee are affirmed.