**Citimortgage Inc. v. Bethlehem Area School District**

C.P. of Northampton County, No. C-48-CV-2012-5607

*Michael P. Coughlin* and *Jessica A. Kubisiak,* for plaintiff.
*William J. Fries,* for defendants.

BELTRAMI, *J.,* May 22, 2015—This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff Citimortgage, Inc. ("Citi's Motion") on December 18, 2014, and the Motion for Summary Judgment filed by Defendants Sandra K. Triantafelow and John R. Triantafelow ("Defendants' Motion") on December 5, 2014. The case was submitted to the undersigned, on briefs, at the February 24, 2015, session of Argument Court.

This case began on June 8, 2012, when Defendant Bethlehem Area School District ("BASD") filed a Tax Claim against Defendant Sandra K. Triantafelow, seeking to obtain a municipal lien on property she owned located at 2068 6th Street, Bethlehem Township, Pennsylvania, Tax Parcel No. N7NE4 4 11 ("Property"), as a result of her non-payment of $3,245.23 in school real estate taxes for the years 2011 and 2012. The Tax Claim was docketed in this Court at the instant docket number and ultimately resulted in a default judgment in favor of BASD on October 23, 2012, and a sheriff's sale of the Property on August 9, 2013.

On June 5, 2014, Citi, citing a mortgage it had on the Property, filed a Petition to Redeem the Property, pursuant to 53 P.S. § 7293, to which Defendants filed an Answer with New Matter on July 1, 2014. Citi's Petition and the Answer thereto were docketed in this Court at docket No.

C-48-CV-2014-5281. On July 16, 2014, Citi filed another Petition to Redeem ("Petition"), and Defendants filed another Answer with New Matter on July 23, 2014. By a stipulation of the parties that was approved as an Order of Court by the Honorable Craig A. Dally on July 31, 2014, Citi's Petition and all related filings, past and future, were transferred to and deemed filed under the instant docket number. Both Citi and Defendants move for summary judgment with regard to Citi's Petition.[1] Citi filed a Response to Defendants' Motion for Summary Judgment on December 31, 2014, Defendants filed a Response to Citi's Motion for Summary Judgment on January 14, 2015, and both Citi and Defendants have filed briefs.

The record reveals the following facts. The Property was deeded to Defendant Sandra K. Triantafelow on June 20, 1990. (Defs.' Mot. ¶ 15, Ex. H; Citi's Resp. ¶ 15.) On or about April 5, 2000, Associates Home Equity Consumer Discount ("Associates") extended to Defendant Sandra K. Triantafelow a loan in the original principal amount of $158,838.22, the settlement of which occurred on April 5, 2000. (Citi's Mot. ¶¶10-12, Ex. 3; Defs.' Resp. ¶¶ 10-12.) To secure the loan, Defendant Sandra K. Triantafelow executed a mortgage in favor of Associates. (Citi's Mot. ¶ 14, Ex. 5; Defs.' Resp. ¶ 14.) Citi is the current holder of the loan and mortgage. (Citi's Mot. ¶ 15; Defs.' Resp. ¶ 15.) The mortgage was not, and is not, recorded. (Defs.' Mot. ¶¶ 22-23; Citi's Resp. ¶¶ 22-23.) The original mortgage has been lost and cannot be located. (Citi's Mot. ¶ 17; Defs.' Resp. ¶ 17.)

---

1. On July 31, 2014, BASD filed an Answer to Citi's Petition, in which it stated that it "does not take a position with regard to [Citi's] Petition to redeem." (BASD's Answer to Citi's Pet. at 4-5.)

As stated above, on August 9, 2013, the Property was sold at a sheriff's sale. (Citi's Mot. ¶ 22; Defs.' Resp. ¶ 22.) The successful bidder at the sheriff's sale was Ronald R. Stauffer, who submitted a bid of $22,900.00. (Citi's Mot. ¶ 23; Defs.' Resp. ¶ 23.) Thereafter, on September 30, 2013, Mr. Stauffer assigned his successful bid to Defendant John R. Triantafelow for the purchase price of $30,900.00. (Citi's Mot. ¶¶ 24-25, Ex. 6; Defs.' Resp. ¶¶ 24-25.) By deed dated January 7, 2014, the Northampton County Sheriff conveyed title to the Property to Mr. Triantafelow. (Citi's Mot. ¶ 26, Ex. 7; Defs.' Resp. ¶ 26.) The deed acknowledging the sheriff's sale was recorded on January 13, 2014, in the Northampton County Recorder of Deeds' Office at Book 2014-1, Page 6761. (Citi's Mot. ¶¶27-28, Ex. 7; Defs.' Resp. ¶¶ 27-28.)

Citi moves for summary judgment on the theory that because it had a mortgage which constituted a lien on the Property at the time it was sold, and because holders of liens stripped from a property by a sheriff's sale are entitled to redeem such property, Citi is entitled, as a matter of law, to redeem the Property. Defendants oppose Citi's Motion and they move for summary judgment on the theory that Citi's unrecorded mortgage did not constitute a lien under applicable law. Thus, Defendants argue, Citi is not entitled to redemption. Alternatively, Defendants argue that even if Citi's mortgage constituted a lien and Citi is, as a result, entitled to redemption, issues of fact remain as to the amount Citi would be required to pay to Defendant John R. Triantafelow for such redemption.

Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2. These two prongs represent the

> two main avenues per which summary relief may be granted. Employing the first of these, a movant may rely on uncontroverted facts, and/or allow that the factual allegations made by the non-moving party could be true, while contending that, even accepting such facts, judgment should be rendered for the movant as a matter of law. *See* Pa.R.C.P. No. 1035.2(1). Alternatively, after discovery, a party may challenge the ability of the non-moving party to adduce evidence of facts material to establishing a claim or defense. *See id.* No. 1035.2(2).

*Lance v. Wyeth*, 85 A.3d 434, 449-450 (Pa. 2014).

Under either avenue, summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled

to judgment as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue of material fact exists. *Barnish v. KWI Bldg. Co.*, 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009). Even where the facts are agreed upon, summary judgment cannot be entered if the facts can support conflicting inferences. *Washington v. Baxter*, 719 A.2d 733, 740 n.10 (Pa. 1998).

The party opposing a motion for summary judgment

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a)(1)-(2). In other words, the "[f]ailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the

moving party to judgment as a matter of law." *Young v. Commonwealth, Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000). In deciding a motion for summary judgment, the "record" available for the court's examination includes the pleadings, discovery materials, affidavits, and expert reports. Pa.R.C.P. No. 1035.1.

(a) The owner of any property sold under a tax or municipal claim, or his assignees, *or any party whose lien or estate has been discharged thereby*, may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments . . . .

(b) Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

53 P.S. § 7293(a)-(b) (emphasis added).[2] Further, "[n]o mortgage, or defeasible deed in the nature of a mortgage, shall be a lien, until such mortgage or defeasible deed shall have been recorded, or left for record, as aforesaid." 21 P.S. § 622.

The parties appear to agree on all material facts and on the notion that if Citi's mortgage was a lien at the time of the sheriff's sale, Citi is entitled to redeem the Property. Thus, the instant dispute boils down to one question of law: Was Citi's unrecorded mortgage a lien on the Property at the time of the sheriff's sale? As the recording act codified at 21 P.S. § 622 unambiguously answers this question in the negative, it is clear that Citi cannot redeem the Property.[3] *See also Foster's Appeal*, 3

---

2. The redemption statute also provides that there is no right to redeem "vacant" property and assumes property to be vacant unless it is "continuously occupied by the same individual or basic family unit as a residence for at least ninety days prior to the date of the sale and continues to be so occupied on the date of the acknowledgment of the sheriff's deed therefor." 53 P.S. § 7293(c). Defendant Sandra K. Triantafelow resided continuously at the Property for approximately twenty years before moving to an assisted-living facility on October 23, 2014; thus, she occupied the Property for at least ninety uninterrupted days prior to the sheriff's sale and continued said occupation past the date of acknowledgement of the sheriff's deed. (Citi's Mot. ¶¶ 44-45; Defs.' Resp. ¶¶ 44-45.) Accordingly, the Property was not "vacant" within the meaning of 53 P.S. § 7293(c) and is subject to redemption.

3. In its Brief, Citi cites numerous cases, some from bankruptcy courts, some from federal district courts, and some from Pennsylvania appellate courts, as well as secondary sources, all of which, in Citi's estimation, establish that an unrecorded mortgage is a valid, enforceable lien as against the mortgagor. Citi argues that since Sandra K. Triantafelow was the mortgagor at the time of the sheriff's sale, its mortgage, though unrecorded, was a valid lien as against her when the Property was sold, thus entitling it to redemption. The Court interprets the sources cited by Citi differently. As the Court interprets them, the sources relied on by Citi in its Brief stand, collectively, for the proposition that an unrecorded mortgage is *not void* as against the mortgagor simply due to its not being recorded. For example, the holder of an unrecorded mortgage does not lose the right to foreclose on a mortgagor's property simply because its mortgage is unrecorded.

Pa. 79, 80 (1846) ("No mortgage is a lien until recorded, or left for record . . . .")

WHEREFORE, the Court enters the following:

## ORDER OF COURT

AND NOW, this 22nd day of May, 2015, Plaintiff Citimortgage, Inc.'s Motion for Summary Judgment, filed on December 18, 2014, is hereby DENIED. Defendants Sandra K. Triantafelow and John R. Triantafelow's Motion for Summary Judgment, filed on December 5, 2014, is hereby GRANTED.

Plaintiff Citimortgage, Inc.'s Petitions to Redeem Property, filed at docket number C-48-CV-2014-5281 on June 5, 2014, and July 16, 2014, and transferred to the instant docket number on July 31, 2014, are hereby DENIED, with prejudice.

Plaintiff Citimortgage, Inc.'s Praecipe to Enter Lis Pendens, filed at docket number C-48-CV-2014-5281 on November 21, 2014, is hereby STRICKEN.

The Clerk of Court shall file a certified copy of this Order at docket number C-48-CV-2014-5281.

---

The redemption statute, however, explicitly requires that a mortgage be a "lien" if it is to be the basis of a mortgagee's right of redemption, and 21 P.S. § 622 expressly declares that unrecorded mortgages are not liens. In the Court's view, the effect of 21 P.S. § 622 is to render an unrecorded mortgage incapable of constituting a "lien" for purposes of any statute that requires the same as a prerequisite to relief. This effect is able to sit harmoniously with Citi's argument that an unrecorded mortgage is *enforceable* against the mortgagor, as nothing about 21 P.S. § 622 *voids* an unrecorded mortgage as a matter of law. What it *does* do, however, is invalidate unrecorded mortgages as "liens" for purposes of the redemption statute.